UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ROBERT PATRICK BUTTERS,

    Plaintiff,

v.

STEVE HAMMER, WARDEN, MCF-STILLWATER,

    Defendant.

Case No. 15-CV-2676 (DWF/FLN)

REPORT AND RECOMMENDATION

---

Plaintiff Robert Patrick Butters commenced this action by filing a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. ECF No. 1. In an order dated July 31, 2015 (ECF No. 5), Butters was given until August 21, 2015 to file an affidavit showing when and how his claims had been presented to the Minnesota Court of Appeals and the Minnesota Supreme Court, failing which it would be recommended that this action be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

It has now been more than a month since that deadline passed, and Butters has not filed an affidavit. Accordingly, this Court now recommends, in accordance with its prior order, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE under Fed. R. Civ. P. 41(b) for failure to prosecute.

Dated: September 29, 2015            s/Franklin L. Noel
                                     Franklin L. Noel
                                     United States Magistrate Judge

### NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.